# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| MARK SANTAS, Register No. 1028501, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4025-CV-C-SOW |
| | ) | |
| ARTHUR WOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

On August 25, 2006, defendants Wood, Long and Mitchell requested the court to dismiss this case, pursuant to Fed. R. Civ. P. 12(b)(6), for plaintiff's failure to state a claim against them. Alternatively, they seek dismissal for plaintiff's failure to exhaust his administrative remedies. On October 2, 2006, plaintiff responded in opposition to dismissal.[1]

As a general rule, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

In this case, plaintiff claims defendants violated the Eighth and Fourteenth Amendments. Plaintiff Santas states he was transferred to Jefferson City Correctional Center (JCCC) after he received a conduct violation.[2] He was confronted by several inmates at JCCC in a situation he considered to be potentially dangerous. He sought staff assistance in accordance with established procedures and was placed in solitary confinement. In the interview with his caseworker, he told her he didn't believe he could live safely at JCCC and that he didn't want to

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2] The conduct violation was later expunged.

be in protective custody. After being advised that he could have his property in protective custody pending processing of an institutional transfer, he agreed to being placed in protective custody. He remained there for six months.

At that time, he felt he was threatened by an employee and by some inmates. He again requested assistance and was moved to a cell in administrative segregation. He named several enemies. While in administrative segregation, he felt his caseworker and the administrative segregation committee misrepresented his statements and were disrespectful. He filed grievances and sought protection from the state circuit court.

He states he was told he could remain in administrative segregation for the rest of his sentence. He asserts corrections officials justified his continued placement in administrative segregation by noting plaintiff had indicated he feared staff members and inmates. He filed grievances and wrote letters.

Plaintiff indicates that defendant Wood responded to plaintiff's letter and advised him that if he signed enemy waivers, he would be reassigned. Santas claims his requests for waivers were ignored for several months, but that he eventually was allowed to sign them. Nevertheless, he has not been transferred or reassigned to a general population unit. He has received periodic classification hearings.

He believes a letter from defendant Wood and a directive from defendant Long created a liberty interest in his being returned to general population. He also believes he should be transferred to another institution because he has signed enemy waivers with inmates at those institutions.

### Due Process Claim

Plaintiff asserts he has been denied due process of the law. Plaintiff does not have a right to due process under the Fourteenth Amendment unless he has a protected life, liberty or property interest. Liberty interests may arise from the Due Process Clause or from state laws. Meachum v. Fano, 427 U.S. 215, 223-27 (1976). The Due Process Clause itself does not provide an inherent right to remain in or be returned to general population. Hewitt v. Helms, 459 U.S. 460, 468-69 (1983).

Where an inmate alleges that he has a state-created liberty interest in freedom from administrative segregation, the court looks at the allegations or facts in light of the discussion in Sandin v. Connor, 515 U.S. 472 (1995).

> [W]e recognize that states may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (citations omitted).

To determine whether an inmate possesses a liberty interest, the court compares plaintiff's conditions in segregation with those he could expect to experience as an ordinary incident of prison life. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). It does not consider the procedures used to confine the inmate in segregation.[3]

The Eighth Circuit has consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship. Id. See also Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006).

In his response to defendants' motion, plaintiff alleges there are differences in recreation, jobs, classes, property, religious services, telephone usage and other activities. Although these differences make plaintiff's incarceration less comfortable, he has not alleged a deprivation of a constitutionally required right or pointed to a difference that presents an atypical and significant hardship.

Plaintiff acknowledges that his placement in administrative segregation is at least partially the result of his request for protection. Nevertheless, he alleges a liberty interest was created by statements from two of the defendants indicating that if he signed waivers he could be released or transferred. He states the mandatory language created the liberty interest. The letter submitted by plaintiff as Exhibit 2 to his original complaint does not create a liberty interest. It is not a statute, regulation or policy and does not purport to be. It is merely a written response to plaintiff's IRR indicating that it is being returned and Santas is not being transferred. It tells

---

[3]Plaintiff's pleadings suggest he has received the hearings set forth in Mo. Ann. Stat. § 217.375 (West Supp. 2006).

Santas he will not be transferred until he signs enemy waivers, but does not guarantee him a transfer if he signs them.

Further, there is no federal constitutional liberty interest in having state officers follow state law or in having prison officials follow prison regulations. Raney v. Motel, 2006 WL 3060137 (W.D. Mo. Oct. 25, 2006) (citing Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003)).

Plaintiff further asserts that "defendant's lack of action and refusal to send him to an institution where he can reside in the general population is insufficient process." (Doc. 30 at 5.) There is no liberty interest in assignment to any particular prison. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). "[A] prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to . . . a transfer." Murphy v. Missouri Dep't of Corr., 769 F.2d 502, 503 (8th Cir. 1985). Further, transfers may be made for a variety of reasons and may be based on informed predictions of what would best serve institutional security or the safety and welfare of the inmate. Gomez v. Grossheim, 901 F.2d 686 (8th Cir. 1990) (citing Meachum v. Fano, 427 U.S. at 224).

"[C]onstitutionally speaking, assignments [to particular prisons] are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations on their own weight." Moorman v. Thalacker, 83 F.3d at 973 (citing Vitek v. Jones, 445 U.S. 480 (1980); Sisneros v. Nix, 884 F. Supp. 1313, 1346 (S.D. Iowa 1995)). In the absence of a liberty interest, plaintiff does not have a constitutional right to additional process with regard to his desire for a transfer.

**Cruel and Unusual Punishment**

Plaintiff also alleges that the duration of his confinement in administrative segregation (more than 468 days) constitutes cruel and unusual punishment. The Eighth Circuit has upheld significantly longer periods of segregation as not a violation of the Eighth Amendment. See Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (upheld nine-year sentence to segregation not a violation of the Eighth Amendment); see also Herron v. Schriro, 11 Fed. Appx. 659, 662, 2001 WL 360479 (8th Cir. (Iowa) 2001) (unpublished) (Eighth Amendment claims rejected upon finding no sufficiently serious deprivation, even considering the thirteen years of administrative segregation confinement).

4

Conditions are not cruel and unusual merely because they are harsh or uncomfortable. To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life. Brown v. Nix, 33 F.3d 951 (8th Cir. 1994). Santas has not alleged such a deprivation.

### Exhaustion

Defendants also claim this case should be dismissed for plaintiff's failure to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e. A quick review of the submitted documents indicates plaintiff pursued administrative remedies in an effort to obtain enemy waivers, to be transferred to another institution and placed in general population.[4] Defendants assert, however, that plaintiff failed to specifically mention the named defendants in his documents. In light of the discussion above addressing the merits of the claims, the court is not issuing a recommendation on the basis of exhaustion.

### Motion to Compel Discovery

On October 2, 2006, plaintiff filed a motion to compel discovery. Defendants respond that discovery has not commenced in this case and plaintiff's original request for the documents was made to nonparties. In light of the status of this case, plaintiff's motion to compel is denied, without prejudice to reconsideration at a later time if appropriate.

Accordingly, it is

ORDERED that plaintiff's motion of October 2, 2006, to compel discovery is denied, without prejudice. [29] It is further

RECOMMENDED that defendants' motion of August 25, 2006, to dismiss for failure to state a claim be granted. [26]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

---

[4] One of those documents suggests corrections officials believed plaintiff was attempting to manipulate the system and to be transferred to an institution of plaintiff's choosing.

5

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of November, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge